UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JASON ROSE,

                        Petitioner,

    - against -

UNITED STATES OF AMERICA

                        Respondent.
------------------------------------------------------X

**OPINION AND ORDER**

13 Civ. 5885 (SAS)

03 CR 1501 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    BACKGROUND

        Petitioner Jason Rose, proceeding pro se, was convicted after a one-month jury trial of conspiracy to distribute fifty grams or more of crack cocaine (Count One) and using and carrying a firearm in furtherance of a narcotics conspiracy (Count Two). Pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), the statutory mandatory minimum term for the drug conviction was ten years. However, because the Government filed a prior felony information against Rose pursuant to 21 U.S.C. § 851, the statutory mandatory minimum term of imprisonment increased to twenty years. An additional sixty month consecutive term was required for the gun charge, resulting in a total sentence of 300 months.

The United States Sentencing Guidelines (the "Guidelines") were irrelevant to Rose's sentence because I imposed a non-Guidelines sentence dictated by the statutory mandatory minimums.[1] At the sentencing, I found the quantity of crack cocaine to be 1.5 kilograms, which corresponded to offense level 38. At offense level 38, Criminal History Category IV, the Guidelines range on the drug conspiracy count alone was 324 to 405 months in custody.[2] Converting the crack cocaine to powder cocaine using a 10-to-1 ratio would have resulted in 15 kilograms of powder cocaine and a total offense level of 34 instead of 38.[3] These Guidelines calculations were merely a point of reference because the sentence imposed was based on statutory mandatory minimums rather than the Guidelines.[4]

---

[1]  *See* 12/9/05 Sentencing Transcript at 31-32 ("So, I note that this sentence is the statutory mandatory minimum sentence.").

[2]  *See id.* at 10.

[3]  *See id.* at 34 ("As a consensual point of reference, defendant's offense level would then be 34 instead of 38 and the guideline range would be 210 to 262 months in custody. Given the criminal history, the midpoint of this range, 240 months, is appropriate for Count One in light of the statutory mandatory minimum which is 240 anyway.").

[4]  *See* 21 U.S.C.§ 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . .").

Rose appealed his conviction and sentence to the Second Circuit which issued a Mandate on October 27, 2008, affirming this Court. Rose then filed a petition for a writ of certiorari which was denied on February 23, 2009. Rose therefore had until February 23, 2010, in which to file a timely habeas motion. The instant motion was filed on August 20, 2013.[5]

In his Habeas Motion, Rose objects to the Court's determination of drug quantity (1.5 kilograms of crack cocaine), stating:

> If the fact found by the jury is used, (50g or more) plus the usage of the judge['s] 10 to 1 Ratio, Petitioner['s] sentence Range should be category 4 Level 26 (which correspond[s] out to be 92-115)[.] Being [a] § 851 was also filed, Petitioner['s] min 5y turn into 10 y min[.] So [a] sentence of 120 months on the drug and 60 months on the gun, would have been within the bounds that the law has legally prescribed under *Alleyne*.[6]

In arguing that his Habeas Motion is timely, Rose relies on *Alleyne v. United States*.[7] According to Rose, *Alleyne* represents a constitutional right newly

---

[5]   *See* Motion Pursuant to 28 U.S.C. § 2255(f)(3) ("Habeas Motion").

[6]   *Id.* at 8 (italics added).

[7]   133 S. Ct. 2151 (2013). In *Alleyne*, the district court found, by a preponderance of the evidence, that the defendant "brandished" a firearm, subjecting him to a seven-year mandatory sentence under 18 U.S.C. § 924(c)(1)(A)(ii), despite the jury's finding that the defendant merely used or carried a firearm, which would have subjected him to a five-year mandatory sentence. The issue addressed in *Alleyne* was whether the finding of brandishing was an element of the 924(c) count which had to be submitted to the jury and

recognized by the Supreme Court which is retroactively applicable to cases on collateral review.[8] Rose maintains that his sentence was inappropriate under *Alleyne* and requests that his sentence be vacated and that he be re-sentenced using a lower mandatory minimum. For the following reasons, Rose's request is DENIED.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 of Title 28 of the United States Code ("section 2255") allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. Specifically, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by

---

found beyond a reasonable doubt. *See id.* at 2163-64. The Supreme Court answered this question in the affirmative. *See id.*

[8] Habeas Motion at 2 ("Rose contends his motion is not time-barred because the one-year period of limitations runs from the date on which the right asserted under Alleyne v. United States 133 S. Ct. 2151 (2103) was recognized by the Supreme Court on June 17th 2013 and [he] assert[s] that [it] was made retroactively applicable to cases on collateral review.") (brackets in original).

Case 1:13-cv-05885-SAS   Document 3   Filed 09/20/13   Page 5 of 14

law."[9] A prisoner is entitled to a hearing on a motion filed under section 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[10]

A properly filed motion under section 2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[11] Collateral relief under section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"[12] A motion under section 2255 must also set forth "the facts supporting each ground" for relief.[13]

---

[9] *Thai v. United States*, 391 F.3d 491, 493 (2d Cir. 2005).

[10] 28 U.S.C. § 2255(b). *See also Pham v. United States*, 317 F.3d 178, 184-85 (2d Cir. 2003).

[11] *See* 28 U.S.C. § 2255.

[12] *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[13] Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *Accord LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) ("'The petitioner must set forth specific facts which he is in a position to establish by competent evidence.'" (quoting *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974)) (alteration omitted)).

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[14]

## III. DISCUSSION

### A. *Alleyne* Is Not Retroactive

#### 1. *Alleyne* in General

In *Alleyne*, the Supreme Court held that:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any

---

[14]   28 U.S.C. § 2255(f).

> fact that increases the mandatory minimum is an "element" that must be submitted to the jury.[15]

In so holding, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that "judicial factfinding that increases the mandatory minimum sentence is permissible under the Sixth Amendment."[16] *Harris* limited the holding of *Apprendi v. New Jersey*[17] to instances where judicial factfinding increases the statutory maximum sentence.[18] In overruling *Harris*, the Supreme Court found that "there is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum."[19] The Supreme Court explained its holding as follows:

> The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an "element" or "ingredient" of the charged offense. In *Apprendi*, we held that a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed. While *Harris* declined to extend this principle to facts increasing mandatory minimum sentences,

---

[15] 133 S. Ct. at 2155 (citation omitted).

[16] *Id.*

[17] 530 U.S. 466 (2000).

[18] *See* 133 S. Ct. at 2158.

[19] *Id.* at 2163. *See also id.* at 2160 ("While *Harris* limited *Apprendi* to facts increasing the statutory maximum, the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum.").

7

> *Apprendi's* definition of "elements" necessarily includes not only facts that increase the ceiling, but also those that increase the floor. Both kinds of facts alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment. Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt.[20]

### 2. Retroactivity

Rose argues that *Alleyne* should apply retroactively to cases on collateral review because it represents "both a change in substantive law and [a] new rule of criminal procedure law."[21] In general, a new rule of law decided after a defendant's conviction becomes final may not be applied to the defendant's case on collateral review.[22] In *Teague v. Lane*, the Supreme Court recognized the following two exceptions to the general rule of non-retroactivity:

> (1) new rules that "place an entire category of primary conduct beyond the reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense"; or (2) "new watershed rules of criminal procedure that are

---

[20]   *Id.* at 2158 (citations omitted).

[21]   Habeas Motion at 5.

[22]   *See Teague v. Lane*, 489 U.S. 288, 310 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

8

necessary to the fundamental fairness of the criminal proceeding."[23]

*Alleyne* does not fall within either exception. *Alleyne* did not place any individual conduct beyond the Government's power to punish, nor did it prohibit the imposition of any type of punishment. Nor does the rule in *Alleyne* qualify as a watershed rule of criminal procedure. Furthermore, as explained by the Seventh Circuit:

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* itself is not retroactive).[24]

Hence, the general rule against retroactivity applies to the *Alleyne* decision. Rose is thus foreclosed from relying on *Alleyne* in support of the instant motion.

### B. Judicial Finding of Drug Quantity

Even if *Alleyne* were retroactive, it would be of no avail because Rose's only objection is to the judicial finding of drug quantity which was

---

[23] *United States v. Mandanici*, 205 F.3d 519, 525 (2d Cir. 2000) (quoting *Sawyer v. Smith*, 497 U.S. 227, 241-42 (1990)). *Accord United States v. Becker*, 502 F.3d 122, 129 (2d Cir. 2007).

[24] *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (parallel citations omitted). The Second Circuit has not yet addressed the retroactivity of *Alleyne*.

ultimately irrelevant to the sentence imposed. In his Habeas Motion, Rose states that this Court:

> used an aggravating sentencing factor[] and found Petitioner responsible for 1.5 kg of crack cocaine. This aggravated factor aggravated Petitioner['s] sentence Range from (5 yrs min to 40 yrs) to (10yrs to Life) and constitute[s] an element of a separate aggravated offense (using her 1- to 1 Ratio). . . . Petitioner['s] issue is with the judge[']s aggravated factor of 1.5kg of crack. This aggravated factor violate[s] Petitioner['s] Sixth Amendment right to a jury trial in light of *Alleyne v. United States* and because the 1.5kg of crack aggravated the legally prescribed range of allowable sentences, it constitutes an element of a separate aggravated offense and that fact must be found by the jury.[25]

Rose argues that he should have been placed in offense level 26 which corresponds to 500 grams of powder cocaine (50 grams of crack cocaine x 10). Petitioner errs in using the 10-to-1 ratio to convert the amount of crack cocaine (50 grams) into the amount of powder cocaine (500 grams) for purposes of the statutory mandatory minimum. The conversion from crack to powder cocaine is only applicable within the context of the Guidelines. Here, the jury found Rose guilty of distributing 50 grams or more of crack cocaine and that is the amount that was used in determining his statutory mandatory minimum sentence.[26] This Court's finding of

---

[25] Habeas Motion at 8 (italics added).

[26] *See United States v. Hodges*, 935 F.2d 766, 772 (6th Cir. 1991) ("Once the [drug] quantities specified in the statute are established, trial judges are

a higher quantity of crack cocaine did not impact Rose's sentence, which was driven by statutory mandatory minimums, not the Guidelines. Accordingly, even if *Alleyne* were retroactive, it would of no benefit to Rose.

In sum, Rose's argument regarding the judicial finding of drug weight is futile as his sentence was not based on the Guidelines. Furthermore, Rose's reliance on *Alleyne* is misplaced as that decision is not retroactively applicable to cases on collateral review. Accordingly, Rose's Habeas Motion is hereby DENIED.

## IV. CONCLUSION

The remaining issue is whether to grant a Certificate of Appealability ("COA"). For a COA to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."[27] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

---

obligated to impose at least the applicable statutory mandatory minimum sentence. In other words, trial courts have no discretion with respect to the application of mandatory minimum sentences.") (citations omitted).

[27] 28 U.S.C. § 2253(c)(2).

11

encouragement to proceed further.'"[28] Petitioner has made no such showing. Accordingly, this Court declines to issue a Certificate of Appealability. The Clerk of the Court is directed to close the Habeas Motion in Criminal Case 03 CR 1501 (SAS) (Docket Entry # 353). The Clerk of the Court is further directed to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
             September 20, 2013

---

[28] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983) (quotation marks and citations omitted)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

## - Appearances -

**Petitioner (Pro Se):**

Jason Rose
# 55913-054
U.S.P. Pollock
P.O. Box 2099
Pollock, LA 71467

**For Respondent:**

Laurie Korenbaum
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2266